UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          Case No. 8:23-cr-162-VMC-SPF

JOHN JAMES CANNULI, III

**UNITED STATES' MOTION
FOR ORDER OF FORFEITURE**

The United States moves this Court, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2), to enter an order of forfeiture against the defendant in the amount of $47,660, which is the proceeds that the defendant admits he obtained as a result of the theft of government funds offense to which he has pled guilty. In support, the United States submits the following.

**MEMORANDUM OF LAW**

**I.      Statement of Facts**

    **A.      Allegations Against the Defendant**

1. The defendant was charged in an Indictment with theft of government funds, in violation of 18 U.S.C. § 641. Doc. 1.

2. The Indictment contained forfeiture allegations putting the defendant on notice that, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the United States would seek an order of forfeiture in the amount of at least $47,660, representing the proceeds obtained from the offense. *Id.* at 2.

### B. Finding of Guilt and Admissions of Fact

3. The defendant pled guilty to Count One of the Indictment. Docs. 26, 30. The Court accepted the defendant's plea and adjudicated him guilty. Doc. 31.

4. The defendant admitted in his Plea Agreement that his mother received Retirement Insurance Benefits (RIB) from the Social Security Administration (SSA). Doc. 23 at 15. His mother passed away on or about October 30, 2013. *Id.* At the time of her death, her RIB Was being deposited into a checking account at Wells Fargo Bank. *Id.* SSA continued to deposit benefits on behalf her the defendant's mother into her Wells Fargo account after her death. *Id.* After the defendant's mother passed away, SSA continued to deposit benefits into his mother's Wells Fargo account. The defendant was not a signatory on the Wells Fargo account, was not a beneficiary on the account, and used his mother's debit card to withdraw the money. *Id.* at 16. The defendant was not entitled to the funds in the account, and he willfully stole or converted approximately $47,660 in SSA benefits. *Id.*

5. Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the defendant admitted that the United States was entitled to an order of forfeiture in the amount of $47,660, representing the amount of proceeds he obtained from the offense. *Id.* at 4. The defendant further agreed that as a result of his acts and omissions, the proceeds have been transferred to third parties and cannot be located by the United States upon exercise of due diligence; therefore, the defendant agreed that pursuant to 21 U.S.C. § 853(p), the United States is entitled to forfeit substitute

assets up to the amount of proceeds he obtained. *Id.* Moreover, the defendant agreed that the order of forfeiture would be final upon entry. *Id.* at 6.

## II.     Applicable Law

### A.     Forfeiture Statute

The Court's authority to order civil forfeiture of property for a violation of 18 U.S.C. § 641 is found in 18 U.S.C. § 981(a)(1)(C). Section 981(a)(1)(C) provides for the civil forfeiture of any property, real or personal, which constitutes or is derived from proceeds from any offense constituting "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7), or a conspiracy to commit such offenses. A "specified unlawful activity," as defined in 18 U.S.C. § 1956(c)(7), includes violations of 18 U.S.C. § 641. Pursuant to 28 U.S.C. § 2461(c), the government is authorized to forfeit this property criminally, and the procedures for the forfeiture and disposition of the property are governed by 21 U.S.C. § 853.

### B.     Court's Determination of Forfeiture

Pursuant to Rule 32.2(b)(2), because the United States could not locate the specific property constituting or derived from the proceeds the defendant obtained from his theft of government funds, the United States seeks an order of forfeiture against the defendant in the amount of proceeds obtained by his from the offense. Indeed, for cases in which a defendant no longer has the actual dollars or property traceable to proceeds in his possession, or the government cannot locate those assets, the obligation to forfeit simply takes the form of an order of forfeiture in favor of the

United States. *See United States v. Padron*, 527 F.3d 1156, 1161-62 (11th Cir. 2008).

Rule 32.2(b)(1) provides that the Court must determine the amount of money that the defendant will be ordered to pay. The Court's determination may be based on evidence submitted by the parties and accepted by the Court as relevant and reliable. Fed. R. Crim. P. 32.2(b)(1)(B). As the defendant has agreed, he personally obtained $47,660 in proceeds as a result of the theft of government funds. If the Court finds that the defendant obtained at least $47,660 as a result of the offense, and he has dissipated those proceeds, it is appropriate for the Court to enter an order of forfeiture against the defendant in that amount pursuant to Rule 32.2(b)(2).

### III.  Conclusion

For the reasons stated above, the United States requests that, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(2), the Court enter an order of forfeiture against the defendant in the amount of $47,660, for which he will liable.

The United States further requests that, because the $47,660 in proceeds was dissipated by the defendant, the United States may seek, as a substitute asset, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), forfeiture of any of the defendant's property up to the value of $47,660.

As required by Rule 32.2(b)(4)(B), the United States requests that the Court include the forfeiture when orally pronouncing the sentence and include the forfeiture order, directly or by reference, in the judgment. *See* Fed. R. Crim. P.

32.2(b)(4)(B) and *United States v. Kennedy*, 201 F.3d 1324, 1326 (11th Cir. 2000).

In accordance with Rule 32.2(b)(4) and the defendant's plea agreement (Doc. 23 at 6), the United States asks that the order of forfeiture become final as to the defendant at the time it is entered.

The United States further requests that the Court retain jurisdiction to order any substitute assets forfeited to the United States up to the amount of the order of forfeiture.

        Respectfully submitted,

        SARA C. SWEENEY
        Acting United States Attorney

By:   *s/ Suzanne C. Nebesky*
        SUZANNE C. NEBESKY
        Assistant United States Attorney
        Fla. Bar No. 59377
        400 N. Tampa Street, Suite 3200
        Tampa, Florida 33602
        Tel:   (813) 274 6000
        E-mail: suzanne.nebesky@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

*s/ Suzanne C. Nebesky*
SUZANNE C. NEBESKY
Assistant United States Attorney