**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CLERK'S MINUTES**

| | | | |
|---|---|---|---|
| **CASE NO.:** 8:23-cr-162-VMC-SPF | | **DATE:** April 29, 2025 | |
| **HONORABLE VIRGINIA M. HERNANDEZ COVINGTON** | | | |
| | | **GOVERNMENT COUNSEL** Carlton Gammons | |
| **UNITED STATES OF AMERICA** **v.** JOHN JAMES CANNULI, III | | Justin Byron Lighty, CJA | |
| **COURT REPORTER:** Lori Cecil Vollmer | | **DEPUTY CLERK:** | Magaly Justiniano |
| **TIME:** 11:03 AM – 11:22 AM **TOTAL:** 19 mins | | **COURTROOM:** | 14B |
| | | **PROBATION:** | Ashley Shaw |

**PROCEEDINGS:**    CRIMINAL MINUTES – SENTENCING REFORM ACT MINUTES

Court called to order.

Defendant is adjudged guilty on Count One of the Indictment.

Statements made by counsel.

Imprisonment:  **EIGHT (8) MONTHS**.

The Court makes the following recommendations to the Bureau of Prisons:

- Defendant be housed at FCI Coleman.
- Defendant be evaluated for participation in any educational and vocational programs deemed appropriate by the Bureau of Prisons.
- Defendant be allowed to study for and obtain his GED.

Supervised Release: **THREE (3) YEARS**.

Fine is waived.

Restitution: $47,660.00 *(See Criminal Monetary Penalties section of the Judgment for details)*.

Special Assessment: $100.00 to be paid immediately.

Special conditions of supervised release:

- Defendant shall participate as directed in a program approved by the probation officer for treatment of **narcotic addiction or drug or alcohol dependency** which may include testing for the detection of substance use or abuse. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the probation officer based on ability to pay or availability or third party payment and in conformance with the probation office's sliding scale for substance abuse treatment services.

- Defendant shall participate as directed in a program for **mental health treatment** approved by the probation officer. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the probation officer based on ability to pay or availability of third party payment and in conformance with the probation office's sliding scale for mental health treatment services.

- The mandatory drug testing provisions shall apply pursuant to the Violent Crime Control Act. Based on the probation officer's determination that additional drug urinalysis is necessary, the Court authorizes random drug testing not to exceed 104 tests per year. Defendant shall refrain from any unlawful use of a controlled substance. Further the defendant shall submit to one drug within 15 days of placement on supervision and at least 2 periodic drug tests thereafter as directed by the probation officer.

- The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, acquisitions or obligating himself/herself for any major purchases, **or attempting to do so**, without the **_express prior approval_** of the probation officer.The defendant shall provide the probation officer access to any requested financial information.

- Defendant is to cooperate in the collection of DNA as instructed by the Probation Officer.

Defendant is remanded to the custody of the US Marshal.

Defendant advised of right to appeal and to counsel on appeal.

Forfeiture order at Doc. 33 made part of the judgment.

### GUIDELINE RANGE DETERMINED BY THE COURT AT SENTENCING

| | |
|---|---|
| Total Offense Level | 10 |
| Criminal History Category: | II |
| Imprisonment Range | 8-14 months |
| Supervised Release Range | 1-3 years |
| Restitution: | $47,660.00 |

| | |
|---|---|
| Fine Range | $4,000-$40,000 |
| Special Assessment | $100.00 |